UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: **09-20821-CIV-MORENO**

JOSE SAMUEL QUINTANILLA,

    Plaintiff,

vs.

MIAMI-DADE COUNTY,

    Defendant.
_____/

## ORDER GRANTING IN PART MOTION TO DISMISS WITHOUT PREJUDICE

THIS CAUSE came before the Court upon Defendant's Motion to Dismiss **(D.E. No. 3)**, filed on **April 6, 2009**.

THE COURT has considered the motion, the response, the reply, and the pertinent portions of the record, and being otherwise fully advised in the premises, finds as follows:

Plaintiff Jose Samuel Quintanilla filed a two-count complaint against Defendant Miami-Dade County, alleging a claim for negligence (Count I) and a claim for a violation of 42 U.S.C. § 1983 (Count II). Plaintiff claims that he was attacked by a suspect being chased by Miami-Dade County police officers. Respecting the § 1983 claim, Plaintiff generally alleges that he was injured as a result of Defendant's custom and policy of failing to properly train its police officers in foot chases. Defendant argues that the § 1983 claim should be dismissed because (1) the Complaint fails to allege any official custom or policy that caused Plaintiff's injuries and (2) because the Complaint fails to identify the final policymaker who approved the policy.

On a motion to dismiss, the Court must view the complaint in the light most favorable to the plaintiff. *Glover v. Ligett Group, Inc.*, 459 F.3d 1304, 1308 (11th Cir. 2006). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must have "enough facts to state a claim to relief that is plausible on its face;" if it does not "nudge[] the[] claims across the line from conceivable to plausible, [it] must be dismissed." *Id.* at 1974.

For § 1983 liability to attach to a municipality, "a plaintiff must show: (1) that his constitutional rights were violated; (2) that the municipality had a custom or policy that constituted deliberate indifference to that constitutional right; and (3) that the policy or custom caused the violation." *McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004). In addition, a plaintiff "must identify those officials who speak with final policymaking authority for that local governmental entity concerning the act alleged to have caused the particular constitutional violation in issue." *Grech v. Clayton County*, 353 F.3d 1326, 1329 (11th Cir. 2003).

In this case, Plaintiff fails to state a § 1983 violation for several reasons. First, the Complaint fails to allege a violation of a cognizable constitutional right. It merely alleges that Defendant's alleged failure to train its police officers was so grossly negligent and reckless that it "shock[s] the judicial conscious [sic]." No constitutional impingement is averred, however. Second, the Complaint fails to identify a policy or custom executed by Defendant that allegedly caused Plaintiff's injuries. Vaguely alleging that Defendant had a policy of not properly training its police officer is insufficient to state a claim because it does not identify any actual custom or policy with any

-2-

specificity. Finally, the Complaint fails to allege the identity of the final policymaking authority responsible for the alleged custom or policy that caused the Plaintiff's injuries. The Complaint thus lacks the allegations necessary to state a claim under § 1983. Accordingly, it is

**ADJUDGED** as follows:

1.  The motion is GRANTED. Count II is dismissed without prejudice. Plaintiff may file an Amended Complaint as to Count II on or before **October 30, 2009**.

2.  Count I is remanded to state court.[1] Plaintiff may not refile Count I in this Court.

DONE AND ORDERED in Chambers at Miami, Florida, this ___ day of October, 2009.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:

Counsel of Record

---

[1] In cases where the court's jurisdiction is based solely upon a federal question, the district court has discretion whether to hear or to dismiss any state claims that are pendant to the federal claim that provides the basis for jurisdiction. *See generally* 28 U.S.C. § 1367(c) (describing the broad discretion that district courts have to decline to exercise supplemental jurisdiction). If all the federal-law claims in an action have been eliminated early in the litigation and only pendant state-law claims remain, as would be the case here, the court may remand the case, even though it was originally properly removed based upon federal question jurisdiction. *Carnegie-Mellon University v. Cohill,* 484 U.S. 343, 349-351 (1988). In such cases, the balance of factors to be considered under the pendant jurisdiction doctrine-judicial economy, convenience, fairness, and comity-point strongly toward declining to exercise jurisdiction over the remaining state-law claims. *See United Mine Workers of America v. Gibbs,* 383 U.S. 715, 86 (1966).